UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Kenneth Seese,

                                      Case No. 14-3286 MJD/FLN

      Plaintiff,

v.                     **MEMORANDUM OPINION & ORDER**

Prudential Insurance Company of America,

      Defendant.
_____

      Barry A. O'Neil and Kate Westad, Lommen Abdo, P.A., Counsel for Plaintiff.

      Ian H. Morrison, Seyfarth Shaw, LLP and Barbara P. Berens and Erin K. Fogarty Lisle, Berens Miller P.A., Counsel for Defendant.
_____

**I.    Introduction**

The above-entitled matter comes before the Court on Prudential Insurance Company of America's ("Prudential") objections to the Report and Recommendation of Magistrate Judge Franklin L. Noel dated July 20, 2015 recommending that the Court deny its motion to dismiss Count VI which alleges claims under the Americans with Disabilities Act.

Pursuant to statute, the Court has conducted a <u>de novo</u> review of the record. 28 U.S.C. § 636(b)(1); Local Rule 72.2(b). Based on that review, the Court

will not adopt the Report and Recommendation with respect to Prudential's motion to dismiss the ADA claims.

## II.   Background

Plaintiff was an employee of Carlson Companies ("Carlson") and worked as a Systems Analyst for Carlson subsidiary Carlson Wagonlit Travel. (Complaint ¶ 4.) Prudential issued a group long term disability insurance policy (the "Plan") to Carlson as an employee benefit. (Id. ¶ 3.) Carlson is the administrator of the Plan and appointed Prudential as the Plan fiduciary to review, approve and pay claims benefits provided by the Plan. (Id. ¶ 4.)

Plaintiff alleges that he was forced to leave his position at Carlson due to disabling medical conditions. (Id. ¶ 10.) Plaintiff lists these disabling conditions as severe chronic headache, severe chronic fatigue, depressed mood, chills/cold temperature, stiff neck, chronic neck pain and spasm, significantly decreased energy, dizziness, sleepiness and inability to work, or to stand or sit for an extended period of time. (Id.) Plaintiff made a claim under the Plan for long term disability benefits. (Id. ¶ 12.)

On or about January 23, 2012, Prudential denied Plaintiff's claim based on its determination that the medical evidence did not substantiate his disability.

(Id. ¶ 13.)  He alleges that Carlson paid him short term disability benefits directly as a self-insured provider of such benefits.  (Id.)

Plaintiff alleges that Prudential again denied his claim for long term disability benefits on or about February 28, 2012 for the same reason his first claim was denied.  (Id. ¶ 14.)  Plaintiff appealed the denial on or about September 25, 2012.  (Id.)  Following a review of the file, which included additional medical records submitted in December 2012, Prudential determined that Plaintiff would be capable of performing the material and substantial duties of his regular occupation and denied his claim.  (Id. ¶ 16.)  Plaintiff submitted a voluntary appeal of this decision, and Prudential again denied his claim.  (Id.)

In this action, Plaintiff asserts four claims under ERISA, a state law breach of contract claim and an ADA claim.  Prudential moved to dismiss the breach of contract claim, as such claim is preempted by ERISA.  Prudential also moved to dismiss the ADA claim on the basis that Prudential is not a proper defendant under that statute.

The motion to dismiss was referred to Magistrate Judge Noel.  In its brief in opposition to Prudential's motion, Plaintiff did not object to dismissal of the breach of contract claim.  Magistrate Judge Noel recommended the Court dismiss

the breach of contract claim, and there is no objection to that recommendation.

Magistrate Judge Noel recommended that the Court deny Prudential's motion to dismiss the ADA claim, finding that Prudential is a proper defendant under Title III of the ADA, and is not protected under the ADA safe harbor provision. For the reasons stated below, the Court finds that as a matter of law, the ADA claim against Prudential must be dismissed.

## III. ADA Claims

Plaintiff alleges that it is an unfair discriminatory practice under Title III of the ADA, 42 U.S.C. § 12182, to deny a person, because of his/her disability, the full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations of any place of public accommodation. (Id. ¶ 46.) Plaintiff further alleges that Prudential violated Title I of the ADA when it denied his claim for benefits under the Plan. (Id. ¶¶ 52 and 54.)

### A. Title I[1]

Title I of the ADA provides that "No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees,

---

[1] The Magistrate Judge did not address whether Plaintiff stated a claim under Title I.

4

employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). A covered entity is defined as "an employer, employment agency, labor organization or joint labor-management committee." 42 U.S.C. § 12111(2). The Court finds that Plaintiff has failed to state a claim under Title I because he has not alleged that he is a qualified individual as defined under the ADA.

A qualified individual is one "who with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). In his complaint, Plaintiff alleges he was forced to leave his position at Carlson because of his disabling medical conditions. (Comp. ¶ 10.) Plaintiff does not allege that he could perform the essential functions of his job with or without a reasonable accommodation. Rather, he alleges he has been "diagnosed with chronic fatigue syndrome and deemed completely disabled from working in any capacity by multiple medical treating physicians." (Id.)

Although the Eighth Circuit has not addressed this issue directly, it has found that former disabled employees unable to perform their jobs cannot bring a discrimination claim under the Rehabilitation Act, because the Act "was

designed to prohibit discrimination within the ambit of an employment relationship in which the employee is potentially able to do the job in question." <u>Beauford v. Father Flanagan's Boys' Home</u>, 831 F.2d 768 (8th Cir. 1987) <u>cert. denied</u>, 485 U.S. 938 (1988). The Eighth Circuit based this decision on the fact that the Act applied to "otherwise qualified handicapped individuals" which had been defined as "one who is able to meet all of a program's requirements in spite of his handicap." <u>Id.</u> (citing <u>Southeastern Comty. College v. Davis</u>, 442 U.S. 397, 406 (1979)).

Other courts, including the Eighth Circuit, have applied the <u>Beauford</u> decision to cases involving the ADA, given the similarities between the two statutes. <u>See</u> <u>Wojewski v. Rapid City Reg. Hospital, Inc.</u>, 450 F.3d 358 (8th Cir 2006) (finding that because the ADA, like the Rehabilitation Act, requires there be an employer-employee relationship, an independent contractor may not bring a claim under the ADA); <u>E.E.O.C. v. Group Health Plan</u>, 212 F. Supp.2d 1094,1099 (E.D. Mo. 2002) (finding that a former employee may not bring a claim against the plan administrator of an employee health plan under Title I).

Finally, a number of circuit courts have held that a former employee that is totally disabled cannot bring a claim under Title I for discrimination in the

handling of disability benefits. See Weyer v. Twentieth Century Fox Film Corp., 198 F.3d 1104, 1111-12 (9th Cir. 2000) (finding that Title I unambiguously excludes totally disabled persons); McKnight v. Gen. Motors Corp, 550 F.3d 519 (6th Cir. 2008) (finding that totally disabled former employees cannot bring suit under Title I of the ADA); Morgan v. Joint Admin. Bd., 268 F.3d 456, 458-59 (7th Cir. 2001) (finding that Title I does not apply to former employees that are totally disabled); see also Budd v. ADT Sec. Sys., Inc., 103 F.3d 699 (8th Cir. 1994) (per curiam decision affirming dismissal of ADA claim on the basis that a plaintiff who represented that he was unable to return to work is estopped from claiming he is a qualified individual under the ADA).

Accordingly, Plaintiff has not alleged a claim under Title I of the ADA because he has not, and cannot, allege that he can perform the essential functions of his job with or without reasonable accommodation.

### B. Title III

The Magistrate Judge held that Plaintiff had adequately plead a discrimination claim under Title III of the ADA, as Prudential can properly be considered a "public accommodation" under § 12181(7). Based on its de novo review, the Court finds that Plaintiff has failed to state a claim under Title III.

This is an issue that has not been addressed by the Eighth Circuit. The majority of circuit courts of appeal that have addressed the issue, however, have found that a benefit plan offered by a private employer is not a service provided by a public accommodation. See Parker v. Metropolitan Life Ins. Co., 121 F.3d 1006, 1014 (6th Cir. 1997); Ford v. Schering-Plough Corp., 145 F.3d 601, 612 (3d Cir. 1998); Weyer, 198 F.3d at 1115 (9th Cir. 2000); Morgan, 268 F.3d at 459.

In Parker, the Sixth Circuit looked to the statutory text of Title III and noted it addresses discrimination by owners, lessors, and operators of public accommodations. Id. 121 F.3d at 1010. Included in the definition of public accommodation is "insurance office." Id. Because the insurance at issue was a long term disability policy provided by plaintiff's employer, the court held that "plaintiff did not seek the goods and services of an insurance office. Rather, [plaintiff] accessed a benefit plan provided by her private employer and issued by MetLife. A benefit plan offered by an employer is not a good offered by a place of public accommodation." Id.

The court then discussed the fact that "public accommodation" as evidenced by the statutory text, is a physical place. "Every term listed in § 12181(7) and subsection (F) is a physical place open to the public." Id. at 1014.

An employer benefits plan, however, is not a public accommodation because

> [t]he public cannot enter the office of MetLife or [the employer] and obtain the long-term disability policy that plaintiff obtained. [Plaintiff] did not access her policy from MetLife's insurance office. Rather, she obtained her benefits through her employer. There is thus no nexus between the disparity in benefits and the services which MetLife offers to the public from its insurance office.

Id. at 1011.

In Ford, the Third Circuit held that disability benefits offered in the context of employment constitute part of the terms and conditions of employment, and are therefore covered under Title I, not Title III. Id. 145 F.3d at 612. As a result, the plaintiff could not assert a claim against her employer pursuant to Title III. Id. With respect to the insurance carrier, the court held disability benefits provided as a term and condition of employment do not qualify as a public accommodation under Title III. Id. at 613. "Since [plaintiff] received her disability benefits via her employment [] she had no nexus to [the insurance carrier's] and thus was not discriminated against in connection with a public accommodation." Id. The court further noted that limiting "public accommodation" to physical places is consistent with the Department of Justice's regulations:

> The purpose of the ADA's public accommodations requirements is to ensure accessibility to the goods offered by a public accommodation, not to alter the nature or mix of goods that the public accommodation has typically provided. In other words, a bookstore, for example, must make its facilities and sales operations accessible to individuals with disabilities, but is not required to stock Brailled or large print books. Similarly, a video store must make its facilities and rental operations accessible, but is not required to stock closed-captioned video tapes.

Id. (citing 28 CFR pt. 36, app. B, at 640 (1997)).

The Seventh Circuit took a different approach in Morgan, declining to interpret "public accommodation" literally, as "denoting a physical site," recognizing that "[a]n insurance company can no more refuse to sell a policy to a disabled person over the Internet than a furniture store can refuse to sell furniture to a disabled person who enters the store." 268 F.3d at 459. The court also recognized that "[t]he site of the sale is irrelevant to Congress' goal of granting the disabled equal access to sellers of goods and services. What matters is that the good or service be offered to the public." Id. Because the retirement plan at issue was not offered to the public, and resulted from negotiations between the employer and the representative of its employees, it was not a public accommodation under the ADA. Id.

The Court finds the reasoning set forth in Morgan to be persuasive. Here,

the Plan was private, limited to employees of Carlson.  Because the Plan was not offered to the public in general, it is not a **public** accommodation under Title III of the ADA.  See King v. Burwell, 135 S. Ct. 2480 (2015) (rules of statutory construction require that when interpreting statute, words of a statute must be read in their context and with a view to their place in the overall statutory scheme); United States v. Felt & Tarrant Mfg. Co., 283 U.S. 269, 273 (1931) (finding it is not within judicial province to read words out of a statute).

Accordingly,

**IT IS HEREBY ORDERED** that Prudential's motion to dismiss (ECF No. 11) is **GRANTED.**  Counts Four and Six are hereby dismissed.


DATED:   September 23, 2015                    s/ Michael J. Davis
                                               MICHAEL J. DAVIS
                                               United States District Court